### EVA A. HOGLE *vs.* CHARLES H. CONNELL & others.

Suffolk.    January 11. — 18, 1883.    FIELD & W. ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 85, §§ 1, 2, the amount of money lost as the net result of continuous gaming at one sitting, of mixed losses and gains or continuous losses, may be declared for in one count as a single loss.

TORT in eight counts, under the Gen. Sts. *c.* 85, §§ 1, 2, to recover treble the amount of money alleged to have been lost by Stephen J. Palmer, and paid to the winners thereof, at various times named, by playing at cards, with the knowledge or consent of the defendants, in a building of which the defendants were tenants or occupants, and to recover which Palmer had failed to prosecute an action within three months of the loss. Answer, a general denial.

Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

It appeared from the evidence that Palmer purchased at this place what were called chips, made of ivory, and representing in each chip the sum of twenty-five cents, fifty cents and one dollar, respectively, for which he paid an equal amount in money. With these chips Palmer played at a game with cards called faro,. in the following manner: He sat at a table on which were painted the figures of thirteen cards in a suit.

Opposite to him sat a dealer, usually one of the defendants, who represented what was called a bank. The bets were made by Palmer putting one or more of the ivory chips he had purchased, representing his bet, upon one of the painted representations of cards on the table; and, as the dealer drew from a pack of cards in a box, the bet was determined by the chance of alternate cards turning up to correspond with the card on the table on which Palmer had placed his bet.

Palmer testified, that he lost at one sitting, at or about the respective dates named in each of the counts in the declaration, the sums of money respectively alleged therein; that it was impossible to say what sum he lost at the first, or at any other of the numerous bets he made during such sitting; that he did not purchase at one time chips to the amount named in either of said counts; that his first purchase might be five, ten, fifteen or twenty dollars; that, when he had played and lost the chips so purchased, he made other and successive purchases; that he was unable to state the amount of any one of such purchases, but that he purchased and lost the amount alleged in each of the several counts during his continuous playing at one sitting, at or about each of the dates named; and that he made several purchases at each sitting.

It also appeared in evidence that the winners at this game were entitled to have the chips in which the bets were paid redeemed in money at the moment each bet was decided; but that the practice was to redeem and settle at the close of the sitting. No other evidence was offered to show what amount Palmer lost at or upon any one bet, or the specific amount of any one of his purchases of chips.

The defendants contended that each act of betting, if unfavorable to the player, was a separate loss, and constituted by itself, if supported by other necessary facts, a cause of action for which the plaintiff was entitled to recover three times the sum so lost, and should be separately set forth and proved; and that the jury should be instructed that, if there was no evidence on which they could find what sum Palmer lost by any one act of betting, then the plaintiff must fail in her action; or if the jury could assume upon this evidence proof of the minimum sum of such bets, namely, one chip of the value of twenty-five cents,

then the plaintiff's right to recover on each count was limited to three times such minimum amount; or that, if such was not the rule of law applicable to this state of the evidence, then the plaintiff's right to recover must be limited to three times the amount of some one purchase of chips on the respective dates alleged in the several counts of the declaration, if such amount could be ascertained from the evidence given in the case.

The judge declined to instruct the jury as requested, but instructed them that, if they found that the defendants, at the time alleged and proved, were tenants or occupants of the place where this game was played, and if, with the knowledge or consent of the defendants, Palmer did, by continuous playing at one sitting on each of said dates, lose the sums of money respectively alleged to have been lost on those dates, though such loss was the aggregate result of a large number of small bets, and was made through several purchases of chips, but in continuous playing during the same sitting, and if, as was conceded, Palmer had not, within three months after said losses, without covin or collusion, prosecuted with effect an action to recover the same, then the plaintiff might recover three times the amount so lost by said Palmer at each of said sittings.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*A. Russ*, for the defendants.

*D. F. Crane*, for the plaintiff.

COLBURN, J. The only question presented for our determination at the argument in this case, if not the only question raised by the bill of exceptions, is whether, in an action brought under the Gen. Sts. *c.* 85, §§ 1, 2, to recover money lost by playing at cards, in the manner described in the bill of exceptions, the plaintiff must declare for each loss, made by each losing bet, at continuous playing at one sitting, or whether he may treat continuous playing at one sitting as one transaction, and declare in one count for the money lost, as the net result of continuous playing at one sitting.

We are of opinion that he may recover on a single count the amount of money he brought to the game, and, as the net result of continuous playing at one sitting, of mixed losses and gains, or continuous losses left in the hands of the winner, as a single

loss; or when the action is brought, as in this case, by a third person, the plaintiff may declare for treble the amount of such loss, in a single count. See Gen. Sts. *c.* 85, § 3.

This construction is apparently more favorable to the defendants than the one they contend for. For if the plaintiff should treat the amount lost by each losing bet or play as a separate loss, he might recover, as a loss, money he had just won in the same continuous playing, and might leave the game with more money than he took to it, and still recover various sums for losses. *Exceptions overruled.*